IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FREDERICK BARTON                                                                       PETITIONER
*ADC #142505*

V.                                  CASE NO. 4:25-cv-00233-LPR-JTK

DEXTER PAYNE                                                                           RESPONDENT
*Director, ADC*

## ORDER

Pending before the Court are Petitioner Frederick Barton's Motion to Appoint Counsel (Doc. No. 13), Motion for Evidentiary Hearing (Doc. No. 14), and Motion to Dismiss Criminal Charges and Terminate Obligations to Register as a Sex Offender. (Doc No. 15) On March 13, 2025, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his 2023 failure-to-register as a sex-offender conviction. (Doc. No. 2) Respondent Dexter Payne filed a timely response. (Doc. No. 9)

Barton has also filed motions for permission to file an amicus brief (Doc. No. 5), to terminate his obligation to register as a sex offender (Doc. No. 7), and for default judgment against Payne. (Doc. No. 11) The undersigned denied all three motions (Doc. Nos. 6, 10, 12) and has carefully reviewed Barton's pending motions.

In his motion to appoint counsel (Doc. No. 13), Barton asserts that he has a fundamental right to obtain legal assistance without interference from this Court. He also moves for an evidentiary hearing because he believes he has been deprived of his right to a fair trial. (Doc. No. 14) He not only discusses his failure-to-register conviction that is the subject of his federal habeas petition, but he also briefly mentions his 2006 plea of sexual indecency with a child.

1

For that conviction, he received probation and was then required to comply with registering as a sex offender.

It is well-known that there is no constitutional right to counsel in habeas corpus cases. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). A district court *may*, however, appoint counsel to represent an indigent habeas petitioner if "the interest of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard*, 29 F.3d at 471 (citing *Abdullah v. Norris*, 18 F.3d 571, 573; Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts). Yet, "[t]he appointment of counsel is discretionary when no evidentiary hearing is necessary." *Id.* (citing *Abdullah*, 18 F.3d at 573).

"In exercising its discretion to appoint counsel, however, the district court 'should first determine whether . . . [the] petitioner has presented a nonfrivolous claim[.]'" *Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) (omission and first alteration in original) (quoting *Abdullah*, 18 F.3d at 573). Then, that court "should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* (quoting *Hoggard*, 29 F.3d at 471).

Given the nature of Barton's petition and the allegations therein, the Court does not intend to conduct an evidentiary hearing, and an appointment of counsel is not required without said hearing. Moreover, Barton has been capable of presenting his claims thus far, considering he has filed the pending petition and several motions in this case. Payne has also filed a response (Doc. No. 9) to Barton's petition, making the case ripe for review. Furthermore, the relevant facts and law here do not appear complex. The Court, therefore, sees no need to

appoint an attorney or to schedule an evidentiary hearing, and his motions to appoint counsel (Doc. No. 13) and for an evidentiary hearing (Doc. No. 14) are DENIED.

Additionally, Barton asks this Court to dismiss his criminal charges and, once again, to terminate his obligation to report as a sex offender. (Doc. No. 15) In his motion to dismiss and to terminate, he mentions that material evidence was withheld from him in his state criminal case where he pleaded nolo contendere for failure to register as a sex offender, continues to challenge that conviction, and urges this Court to grant his federal habeas petition. He argues much of the same in his pending habeas petition. The undersigned will review his petition and Payne's response thoroughly and file a Recommended Disposition after completing his review. Therefore, Barton's motion (Doc. No. 15) is DENIED. The Clerk of Court is directed to send a copy of this Order to Barton.

SO ORDERED THIS 30th day of April, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE